**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARCIA COPELAND, MD, <br><br> Plaintiff, <br><br> v. <br><br> WILMINGTON TRUST, et al., <br><br> Defendants. | Civil Action No. 24-04084 (GC) (RLS) <br><br> **MEMORANDUM ORDER** |

**CASTNER, District Judge**

  **THIS MATTER** comes before the Court by way of Plaintiff's motion for a temporary restraining order (TRO) and preliminary injunction filed on June 18, 2024. (ECF No. 27.) Plaintiff seeks an Order cancelling the sheriff's sale of her property scheduled for today, June 19. (*Id.* at 4.) For the reasons set forth below, and other good cause shown, Plaintiff's motion is **DENIED**.

  On March 16, 2022, Defendant Wilmington Trust of Trustee filed a foreclosure complaint against Plaintiff in the Superior Court of New Jersey, Middlesex County, Case No. SWC-F-002338-22. (ECF No. 27-1 at 1-7.) Plaintiff contested the action by filing multiple counterclaims and a motion to dismiss, which were denied. (*Id.*) On July 25, 2023, Wilmington Trust as Trustee moved for final judgment, which Plaintiff did not oppose. (*Id.*) On August 25, 2023, the Superior Court entered a final judgement of foreclosure. (*Id.*) On December 26, 2023, Plaintiff moved to vacate the Superior Court's orders, arguing that Wilmington Trust as Trustee lacked standing to bring the foreclosure action. The Superior Court denied the motion and found that Wilmington Trust as Trustee had standing to bring the action. (*See id.*; ECF No. 26-5 at 15.) Plaintiff filed the present action on March 21, 2024 against Wilmington Trust as Trustee, the Superior Court judge,

and various other individuals and entities involved, asserting multiple claims including violations of due process, the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601-2617, and claims for fraud.  (ECF No. 1 at 2-3.)

A plaintiff seeking a TRO must establish that (1) she is reasonably likely to succeed on the merits, (2) she is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in her favor, and (4) an injunction is in the public interest. *See Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3rd Cir. 2017).  If a plaintiff meets the first two factors, the court "then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Id.* at 179.

Here, Plaintiff argues that the sheriff's sale must be stayed or cancelled because Plaintiff "need[s] to know who owned the note or mortgage when the foreclosure was filed, who can enforce either the note or mortgage instrument."  Plaintiff contends that a "mortgage foreclosure action in New Jersey involves the borrower and the lender only," and Wilmington Trust as Trustee "is not the lender by the mortgage assignment."  (ECF No. 27 at 4, 6-7.)

Plaintiff cannot demonstrate a likelihood of success on the merits because the relief that Plaintiff seeks fundamentally challenges the state court foreclosure judgment and order denying Plaintiff's motion to vacate the judgment.  Pursuant to the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). *Rooker-Feldman* has four prerequisites: "(1) the federal plaintiff lost in state court; (2) the plaintiff complain[s] of injuries caused by [the] state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Id.* at 166.

All four of the *Rooker-Feldman* doctrine prerequisites are met here.  In her motion for a TRO, Plaintiff argues that the foreclosure judgment was improper because Plaintiff was denied due process, and because Wilmington Trust as Trustee lacked standing to bring the foreclosure action.  These matters were already litigated in state court.  (*See generally* ECF No. 26-5.)  By seeking a TRO on these bases, Plaintiff is attempting to relitigate issues that she lost in state court and inviting this Court to reject both the state court's foreclosure judgment and its denial of Plaintiff's motion to vacate the foreclosure judgment.  This Court is unable to do so under the *Rooker-Feldman* doctrine.  *See Isaac v. Sigman*, Civ. No. 16-05345, 2016 WL 9281266, at *1 (D.N.J. Sept. 14, 2016) (denying a TRO challenging the validity of a state court foreclosure judgment); *Hudson City Savings Bank, FSB v. Barrow*, Civ. No. 16-04190, 2019 WL 1013306, at *2 (D.N.J. Mar. 1, 2019) (same); *Laychock v. Wells Fargo Home Mortg.*, 399 F. App'x 716 (3d Cir. 2010) (action for "wrongful foreclosure" barred by *Rooker-Feldman* doctrine).

Any of Plaintiff's federal-law claims for damages that "could be heard without disturbing the state court foreclosure judgment" would not be barred by *Rooker-Feldman*.  *See Barrow*, 2019 WL 1013306, at *2.  But such independent claims "would not furnish a basis to enjoin the sheriff's sale" where Plaintiff argues that the sale cannot go forward "because the foreclosure judgment itself was erroneous or invalid."  *See id.*  Accordingly, Plaintiff has not demonstrated a reasonable likelihood of success.

For the foregoing reasons, and other good cause shown, it is hereby **ORDERED** as follows:

1.  Plaintiff's motion for a temporary restraining order (ECF No. 27) is **DENIED**.


Dated: June 19, 2024

*/s/ Georgette Castner*
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**

3