**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARCIA COPELAND, MD,<br><br>Plaintiff,<br><br>v.<br><br>WILMINGTON TRUST, et al.,<br><br>Defendants. | Civil Action No. 24-04084 (GC) (RLS)<br><br>**MEMORANDUM OPINION** |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court by way of three Motions to Dismiss pursuant to Federal Rules of Civil Procedure (Rules) 12(b)(1) and 12(b)(6): the first filed by Defendant Andrew Karcich, Esq. (ECF No. 18); the second by Defendants Hon. Thomas D. McCloskey and the State of New Jersey (ECF No. 19); and the third by Defendants Wilmington Trust National Association (Wilmington Trust), PHH Mortgage Corporation, M&T Bank, Adam Weiss, and Stradley Ronon Stevens & Young, LLP (Stradley Ronon) (ECF No. 26). The Court has carefully considered the parties' submissions and decides the Motions without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, the Defendants' Motions to Dismiss are **GRANTED**.

I.  **BACKGROUND**

  A.  **Factual and Procedural Background[1]**

On March 16, 2022, Wilmington Trust filed a foreclosure complaint against Plaintiff Marcia Copeland in the Superior Court of New Jersey, Middlesex County pertaining to Copeland's residence located in East Brunswick, NJ. (ECF No. 1-2 at 9; ECF No. 27-1 at 1-7.) Copeland filed multiple counterclaims and a motion to dismiss in the foreclosure action, all of which were denied. (ECF No. 27-1 at 1-7.) On July 25, 2023, Wilmington Trust moved for final judgment, which Copeland did not oppose. (*Id.*) On August 25, 2023, the Superior Court entered a final judgement of foreclosure. (*Id.*) On December 26, 2023, Copeland moved to vacate the Superior Court's orders, arguing that Wilmington Trust lacked standing to bring the foreclosure action. The Superior Court denied the motion and found that Wilmington Trust had standing to bring the action. (*See id.*; ECF No. 26-5 at 15.)

Copeland filed the present action on March 21, 2024, against Wilmington Trust, Judge McCloskey (the Superior Court judge who presided over the foreclosure action), and various other individuals and entities, asserting violations of the Fourth and Fourteenth Amendments to the United States Constitution, the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §§ 2601-2617, and claims for fraud. (ECF No. 1 at 2-3.) Copeland accuses Judge McCloskey of depriving her of "any opportunity to be heard" in the state foreclosure action and sues the State of New Jersey for "failing to provide oversight" of Judge McCloskey. (*Id.* at 2-4.) She argues that

---

[1] On a motion to dismiss under Rule 12(b)(6), the Court accepts as true all well-pleaded facts. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). To the extent the Court references other facts not in the Complaint, these facts are derived from public record, which the Court is permitted to consider on a Rule 12(b)(6) motion. *See Gage v. Wells Fargo Bank, N.A. AS*, Civ. No. 11-862, 2011 WL 4073877, at *1 n.2 (D.N.J. Sept. 9, 2011), *aff'd*, 521 F. App'x 49 (3d Cir. 2013).

Wilmington Trust and M&T Bank (the corporate owner of Wilmington Trust) lacked standing to bring the state foreclosure action against her and accuses Defendants Stern & Eisenberg, Christopher Saliba, Stradley Ronon, and Adam Weiss (the opposing counsel in the state court action) of "fraud on the court." (*Id.* at 4.) Copeland alleges that PHH, her mortgage servicer, "stole overage money [Copeland] sent to buy down the principal and mismanaged money sent for the loan." (*Id.* at 3.) She accuses Defendants Andrew Karcich, Esq. and Marty Abo, a CPA, of "receiv[ing] a default judgment from a state judge" and "criminally alleging that Abo was [Copeland's] expert witness." (*Id.* at 4.) Finally, Copeland sues the Middlesex County Sheriff's Office for receiving her "stolen property" as a result of the foreclosure judgment. (*Id.*)

On June 18, 2024, Copeland filed a motion seeking emergency injunctive relief against the sheriff's sale of her New Brunswick residence scheduled for June 19, 2024. (ECF No. 27.) On June 19, the Court denied Copeland's motion, finding that her requests for injunctive relief were barred by the *Rooker-Feldman* doctrine because it challenged the validity of the state court foreclosure judgment. (ECF No. 28.)

### B. Copeland's Prior Litigation

Copeland has filed at least twelve other similar complaints against members of the New Jersey judiciary, federal judiciary, New Jersey state government, federal government, attorneys, and mortgage lenders and servicers, all of which have been dismissed on various grounds. *See Copeland v. Abo & Company, LLC*, Civ. Nos. 13-03978, 13-03979, & 13-04232 (*Copeland I*, *II*, & *III*, respectively); *Copeland v. U.S. Dep't of Justice*, Civ. No. 15-07431 (*Copeland IV*); *Copeland v. State of New Jersey*, Civ. No. 17-12104 (*Copeland V*); Civ. No. 18-10554 (*Copeland VI*); *Copeland v. US Bank Cust PCF Sterling Nat'l*, Civ. No. 20-07016 (*Copeland VII*); *Copeland v. Twp. of Pennsauken*, Civ. No. 14-02002; *Copeland v. Newfield Bank*, Civ. No. 17-00017;

3

*Copeland v. US Bank*, Civ. No. 18-00019.  In September 2021, the Hon. Noel Hillman entered a Preclusion Order in *Copeland v. Township of Bellmawr* prohibiting Copeland from filing "any claims in this District regarding the subject matter of her prior cases (*Copeland I* through *Copeland VII*) without prior permission of the Court."  (Civ. No. 18-10554, ECF No. 13 at 6; ECF No. 14.)  After Copeland violated this Preclusion Order (and after Copeland filed the present Complaint), the Hon. Jamel Semper entered an additional Preclusion Order on October 18, 2024 enjoining Copeland "from filing any claims in this District involving or arising out of foreclosure actions in New Jersey state court without prior leave of the Court, including any claims against federal, state, and local governments, federal, state, and local government employees, law firms and employees, attorneys, judges, clerks, other judicial officers, accounting firms and employees, accountants, banks and employees, title companies and employees, insurance companies and employees, and condominium associations and employees."  (*Copeland v. Thompson*, Civ. No. 23-23409, ECF No. 88 at 2.)

## II.     STANDARD OF REVIEW

### A.     Rule 12(b)(1)—Lack of Subject Matter Jurisdiction

Under Rule 12(b)(1), a party may bring a motion to dismiss for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(b)(1).  There are two types of subject-matter challenges under Rule 12(b)(1): "either a facial or a factual attack."  *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016).  The distinction is significant because it determines, among other things, whether the court accepts as true the non-moving party's facts as alleged in the pleadings.  *See id.* ("In contrast to a facial challenge, a factual challenge allows 'a court [to] weigh and consider evidence outside the pleadings.'"  (quoting *Const. Party of Pennsylvania v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014))); *see also Aichele*, 757 F.3d at 358 (explaining differences between a facial and factual

attack under Rule 12(b)(1)). On a facial attack, the court "accept[s] the complaint's well pled allegations as true, and review[s] 'the allegations of the complaint and documents referenced therein and attached thereto[] in the light most favorable to the plaintiff.'" *Manivannan v. United States Dep't of Energy*, 42 F.4th 163, 169 (3d Cir. 2022) (quoting *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000)). On a factual attack, "the court 'is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *Davis*, 824 F.3d at 346 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)); *see also Mortensen*, 549 F.2d at 891 ("[N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist.").

### B. Rule 12(b)(6)—Failure to State a Claim

When assessing whether the plaintiff has stated a claim upon which relief can be granted, courts "accept the factual allegations in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and assess whether the complaint and the exhibits attached to it 'contain enough facts to state a claim to relief that is plausible on its face.'" *Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131, 140 (3d Cir. 2023) (citation omitted). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Clark v. Coupe*, 55 F.4th 167, 178 (3d Cir. 2022) (quoting *Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 372 (3d Cir. 2019)). When assessing the factual allegations in a complaint, courts "disregard legal conclusions and recitals of the elements of a cause of action that are supported only by mere conclusory statements." *Wilson*, 57 F.4th at 140 (citing *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 903 (3d Cir. 2021)).

### III. DISCUSSION

#### A. Preclusion Orders

Plaintiff's allegations against Karcich and Abo appear to relate to the 2012 state court default judgment that Copeland has unsuccessfully litigated multiple times before this Court. (*See* ECF No. 1-2 at 4 (alleging that Karcich "received a default [judgment] from a state judge" and retained Abo as Plaintiff's "expert witness").) *Copeland IV*, 2015 WL 9294810, at *1 (D.N.J. Dec. 21, 2015), *aff'd*, 675 F. App'x 166 (3d Cir. 2017) (summarizing Copeland's claims against Karcich and Abo). Therefore, Plaintiff's present claims against Karcich and Abo fall within Judge Hillman's Preclusion Order. (*See* Civ. No. 18-10554, ECF No. 14.) Plaintiff's claims against Karcich and Abo are **DISMISSED WITH PREJUDICE** for violating Judge Hillman's September 28, 2021 Preclusion Order. (*Id.*)

Karcich asks the Court to craft additional sanctions against Copeland for her contempt of the Court's previous Preclusion Order. (ECF No. 18-1 at 4-5.) But because the October 18, 2024 Preclusion Order entered in *Copeland v. Thompson* provides the relief sought by Karcich in this matter, Karcich's request for an additional preclusion order is denied as moot. (Civ. No. 23-23409, ECF No. 88 at 2.)

Copeland's remaining claims pertaining to the 2022 foreclosure action do not appear to have been the subject of previous litigation before this Court. Therefore, her remaining claims were not obviously barred by Judge Hillman's September 28, 2021 Preclusion Order at the time they were filed. And the more recent Preclusion Order entered against Copeland on October 18, 2024 was issued after the instant matter was filed. (*See id.*) Thus, out of an abundance of caution pursuant to the leeway traditionally afforded to pro se litigants, the Court will assess Copeland's remaining claims. *See Higgs v. Att'y Gen. of the United States*, 655 F.3d 333, 339 (3d Cir. 2011).

### B.     Subject-Matter Jurisdiction

Defendants argue that because Copeland's claims amount to an attack on the underlying state court order of foreclosure, her claims are barred by the *Rooker-Feldman* doctrine. (ECF No. 19-1 at 20; ECF No. 26-3 at 17.) Pursuant to the *Rooker-Feldman* doctrine, federal district courts lack subject matter jurisdiction to review and reverse state court judgments. *In re Knapper*, 407 F.3d 573, 580 (3d Cir. 2005). Four requirements must be met for the doctrine to apply: (1) the federal plaintiff lost in state court; (2) the federal plaintiff complains of injury caused by the state court judgment; (3) the state court judgment was rendered before the federal suit was filed; and (4) the federal plaintiff invites the district court to review and reject the state court judgment. *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

Here, the Superior Court of New Jersey issued a final judgment in the 2022 foreclosure action in favor of Wilmington Trust on August 25, 2023, well before Copeland filed the instant Complaint. (*See* ECF No. 26-7 at 4-7.) In the present matter, Copeland complains of injury caused by this final judgment—specifically, that it "resulted in the deprivation of property." (ECF No. 1 at 3.) Further, Copeland argues that the 2022 proceeding was an "illegal foreclosure action" because Wilmington Trust "cannot file suit in a [state] courtroom," and that "the chain of conveyance [of the mortgage assignment] from the original lender is blurred and fraught with inaccuracies." (ECF No. 1 at 3.)

The state court considered these arguments and found that Wilmington Trust had established the validity of the Note and Mortgage, the fact of Copeland's default, the amount of outstanding indebtedness, and Wilmington Trust's own standing to bring the state court action. (ECF No. 26-5 at 15.) Therefore, Copeland's arguments ask this Court to rescind the underlying

state court judgment, which it may not do under the *Rooker-Feldman* doctrine. *See Gage v. Wells Fargo Bank, N.A. AS*, Civ. No. 11-862, 2011 WL 4073877, at *5 (D.N.J. Sept. 9, 2011) (finding that a pro se plaintiff's argument "that Wells Fargo did not have the legal right to bring a foreclosure action against him" challenged a foreclosure judgment in favor of Wells Fargo and was therefore barred by *Rooker-Feldman*), *aff'd*, 521 F. App'x 49, 51 (3d Cir. 2013) (finding that the plaintiff could not "evade *Rooker-Feldman* by arguing on appeal that he was not injured by the foreclosure judgment, but rather by Wells Fargo's purportedly fraudulent actions"). Copeland's claims against Wilmington Trust—as well as her claims against Defendant M&T Bank, which are premised solely on its corporate ownership of Wilmington Trust—are therefore dismissed. (*See* ECF No. 1-2 at 4.)

Similarly, Copeland's claims against the Middlesex County Sheriff's Office are based solely on its enforcement of the foreclosure judgment and sale of the property. (ECF No. 1-2 at 4; ECF No. 26-7.) Because any ruling by this Court invalidating the Sheriff's Office's actions would impermissibly interfere with the state court's final judgment, Copeland's claims against the Middlesex County Sheriff's Office are dismissed.[2]

---

[2] Even if Copeland's claims against the Sheriff's Office were not barred by *Rooker-Feldman*, her Complaint does not contain any factual allegations expressly referencing any conduct on the part of the Sheriff's Office other than that they received her "stolen property" pursuant to the sheriff's sale, which occurred pursuant to the state court's foreclosure judgment. (ECF No. 26-7.) Copeland's threadbare claims against the Sheriff's Office resemble her pleadings in other matters where she named multiple public entities without specific factual allegations in an unsuccessful attempt to overturn a state court foreclosure judgment. *See, e.g.*, *Copeland VII*, 2021 WL 2134942, at *10 (D.N.J. May 26, 2021) (dismissing Copeland's claims against a county sheriff's office and other public entities for failure to state a claim). And to the extent Copeland seeks to assert her claims under the Fourth and Fourteenth Amendments against the Middlesex County Sheriff's Office, a "county sheriff's office is considered a 'sub-unit of [the] County' for the purposes of Section 1983 litigation" and is therefore "not a discrete entity subject to suit in the instant case." *Gresh v. Huntingdon Cnty.*, Civ. No. 15-1466, 2016 WL 1162320, at *4 (M.D. Pa. Mar. 24, 2016) (collecting cases); *Kamienski v. Att'y Gen. for N.J.*, Civ. No. 11-3056, 2012 WL 4033765, at *4 (D.N.J. Sep. 12, 2012) ("[T]he county sheriff's office is not a separate legal entity from the

The Court also lacks subject-matter jurisdiction over Copeland's claims against the State of New Jersey for "failing to provide oversight" of Judge McCloskey. (ECF No. 1-2 at 4.) "State governments and their subsidiary units are immune from suit in federal court under the Eleventh Amendment." *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 253 (3d Cir. 2010). As a result, state sovereign immunity under the Eleventh Amendment "is a jurisdictional bar which deprives federal courts of subject matter jurisdiction." *Wright v. N. J./Dep't of Educ.*, 115 F. Supp. 3d 490, 494 (D.N.J. 2015). Further, Copeland does not allege an ongoing violation of federal law or seek any relief "properly characterized as prospective," so the *Ex Parte Young* exception to sovereign immunity does not apply. (*See* ECF No. 1 at 4 (seeking $100 million in damages).) *See Del. River Joint Toll Bridge Comm'n v. Sec'y Pa. Dep't of Labor & Indus.*, 985 F.3d 189, 193-94 (3d Cir. 2021) (citing *Ex parte Young*, 209 U.S. 123 (1908)). Therefore, Copeland's claims against the State are dismissed.

### C.    Judicial and Quasi-Judicial Immunity

Copeland's claims against Judge McCloskey are based on his rulings issued against Copeland in his capacity as the judge presiding over the 2022 foreclosure action. (ECF No. 1 at 3 (arguing that Judge McCloskey's ruling that Wilmington Trust had "standing" to pursue the foreclosure action amounted to "libel[], slander[]," "harassment," "[c]onspiracy to steal," and "[c]olor of law abuse").) But as a judicial officer in the performance of his duties, Judge McCloskey enjoys "absolute immunity from suit," which "applies to all claims, whether official-

---

county"). Copeland has not named Middlesex County as a Defendant or alleged that the County Sheriff's Office violated Copeland's rights pursuant to an official policy, practice, or custom sufficient to establish municipal liability. *See Porter v. City of Philadelphia*, 975 F.3d 374, 383 (3d Cir. 2020) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)).

capacity of personal-capacity, that are based on judicial acts." *Kaul v. Christie*, 372 F. Supp. 3d 206, 246 (D.N.J. 2019) (citations omitted).

There are two exceptions to absolute judicial immunity: (1) "a judge is not immune from liability for nonjudicial acts, i.e., actions not taken in the judge's judicial capacity," and (2) "a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000) (quoting *Mireles v. Waco*, 502 U.S. 9, 11 (1991)). Neither exception applies. All of Copeland's allegations against Judge McCloskey pertain to his conduct that occurred during the 2022 foreclosure proceedings, over which he properly exercised jurisdiction. *Figueroa*, 208 F.3d at 443-44 ("Generally, . . . where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes" (citations and internal quotation marks omitted)); *Nemeth v. Office of Clerk of Superior Ct. of N.J.*, 837 F. App'x 924, 928 (3d Cir. 2020) (applying absolute judicial immunity to New Jersey Superior Court judge who entered a final judgment of foreclosure). The immunity is not invalidated by Copeland's conclusory "allegations of malice or corruption of motive." *Kaul*, 372 F. Supp. 3d at 246 (citing *Gromek v. Maenza*, 614 F. App'x 42, 45 (3d Cir. 2015)).

### D.     Failure to State a Claim

To the extent that any of Copeland's remaining claims against Defendants PHH, Weiss, Stradley Ronon, Stern & Eisenberg, and Saliba are not barred by the *Rooker-Feldman* doctrine or immunity, her claims are dismissed for failure to state a claim.[3]

First, any deprivation under the Fourth and Fourteenth Amendments must be a result of government conduct, and the remaining Defendants are private actors. Copeland has previously

---

[3] *See Bintliff–Ritchie v. Am. Reins. Co.*, 285 F. App'x 940, 943 (3d Cir. 2008) (noting that district courts may dismiss claims *sua sponte* under Rule 12(b)(6) for failure to state a claim).

10

asserted claims under the Fourth and Fourteenth Amendments against mortgagors and opposing counsel in underlying state foreclosure actions, which were similarly dismissed for failure to plausibly allege government conduct. *See Copeland v. US Bank*, Civ. No. 18-19, 2018 WL 4145900, at *4 (D.N.J. Aug. 30, 2018). Private individuals may "be liable under § 1983 if they have conspired with or engaged in joint activity with state actors." *Mikhaeil v. Santos*, 646 F. App'x 158, 161-62 (3d Cir. 2016). But even broadly construed, Copeland's allegations of "conspiracy to steal" are wholly conclusory and unsupported by any plausible facts demonstrating that the private Defendants conspired with the state. (ECF No. 1-2 at 4.) *See Daisey v. N.J. Div. of Child Prot. and Permanency*, Civ. No. 15-8091, 2016 WL 3512068, at *4-5 (D.N.J. Jun. 27, 2016) (dismissing a plaintiff's § 1983 claims against the plaintiff's public defender where the plaintiff alleged that her public defender "conspired" with state actors "to deprive her of her constitutional rights," but provided "no facts whatsoever that gives rise to an inference that there was an agreement between her public defender and" state officials (citing *Watkins v. Weber*, 546 F. Supp. 2d 182, 187 (D.N.J. 2008))).

Copeland also refers several times to a "RESPA violation" and accuses PHH of stealing "overage money [Copeland] sent to buy down the principal and mismana[ing] money sent for the loan." (ECF No. 1-2 at 3.) Even construing Copeland's pro se pleading liberally, Copeland has not alleged sufficient factual matter to state a plausible RESPA violation. Her pleadings amount to a threadbare assertion that a RESPA violation occurred. *See Franklin v. Fin Freedom Acquisition*, Civ. No. 12-7884, 2014 WL 1316093, at *6 (D.N.J. Apr. 1, 2014) (dismissing a RESPA claim for failing to set forth any facts supporting a violation); *O'Connor v. First All. Home Mortg.*, Civ. No. 12-111, 2012 WL 762351, at *2 (D.N.J. Mar. 6, 2012) (dismissing an alleged RESPA violation with prejudice that was "pled in the conclusory manner" that would "not pass

11

muster under Rule 8(a)"). Copeland's claims of "fraud on the court" fare no better. Copeland has not alleged any plausible factual matter to assert a claim for fraud, let alone satisfied the heightened pleading standard under Rule 9(b). (ECF No. 1 at 3.)

### E. Dismissal with Prejudice

Although Copeland has not previously litigated the 2022 foreclosure action before this Court, Copeland has filed numerous similar cases challenging state foreclosure judgments that have resulted in dismissal with prejudice including judicial immunity, res judicata, New Jersey's entire controversy doctrine, the *Rooker-Feldman* doctrine, and failure to state cognizable claims. (*See Copeland v. Thompson*, Civ. No. 23-23409, ECF No. 86, at 2 (collecting cases).) Copeland's "unrelenting efforts . . . [in] filing numerous, repetitive, and unmeritorious lawsuits in both state and federal court against any and all parties involved" have resulted in this Court precluding Copeland from filing any claims "arising out of foreclosure actions in New Jersey state court" against the exact type of Defendants in this matter. (*Id.* at 4; Civ. No. 23-23409, ECF No. 88 at 3.) Here, too, Copeland has failed to "raised anything suggesting that amendment would be anything other than futile." *Copeland v. U.S. Dep't of Justice*, 675 F. App'x 166, 172 (3d Cir. 2017). Therefore, the Court will dismiss Copeland's claims with prejudice as further amendment would be both futile and barred by the October 18, 2024 Preclusion Order. (Civ. No. 23-23409, ECF No. 88.)

### IV. CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss are **GRANTED**. Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**. An appropriate Order follows.

Dated: December 2, 2024

*/s/ Georgette Castner*
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**